UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE AMERICAN SUPERCONDUCTOR )
CORPORATION DERIVATIVE ) Lead Case No. 1:11-cv-10784-WGY
LITIGATION )
)
This Document Relates to: )
)
ALL ACTIONS )
_____ )

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Parties to the above-captioned shareholder derivative action (the "Federal Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Actions, in accordance with the Stipulation and Agreement of Settlement dated February 4, 2014 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Actions with prejudice, upon the terms and conditions set forth therein; and (ii) approving the form and content of the Notice to Current AMSC Shareholders (the "Notice") for posting on the website of AMSC; for filing by AMSC with the U.S. Securities and Exchange Commission ("SEC") via a Current Report on Form 8-K; and publication of the Notice to Current AMSC Shareholders in *Investor's Business Daily*.

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Federal Court has read and considered the Stipulation and the exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Federal Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Actions.

2. The Settlement Hearing shall be held before the Federal Court on May 6, 2014 at 2:00 p.m. to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to AMSC and Current AMSC Shareholders and should be finally approved by the Federal Court; (ii) whether a Final Order and Judgment approving the Settlement, as provided for in paragraph 1.18 of the Stipulation and attached thereto as Exhibit D, should be entered; and (iii) whether Plaintiffs' Counsel's agreed-to Fee Award should be finally approved.

3. The Federal Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation and for convenience annexed as Exhibit A hereto and finds that the posting of such Notice substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Within ten (10) business days following entry of this Order, AMSC shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A to be posted on its website www.AMSC.com.

5. Within ten (10) business days following entry of this Order, AMSC shall cause a copy of the Notice to be filed with the SEC via a Current Report on Form 8-K.

6. Within ten (10) business days following entry of this Order, AMSC shall cause a copy of the Notice to be published one time in the *Investor's Business Daily*.

7. All papers in support of the Settlement, the Fee Award, and the Incentive Awards shall be filed with the Federal Court and served at least twenty-eight (28) days prior to the Settlement Hearing and any reply papers shall be filed with the Federal Court at least seven (7) days prior to the Settlement Hearing.

8. Any Current AMSC Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Awards should not be finally approved, provided, however, unless otherwise ordered by the Federal Court, no Current AMSC Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award or Incentive Awards, unless that stockholder has, ***at least fourteen (14) business days prior to the Settlement Hearing***: (1) filed with the Clerk of the Federal Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of AMSC common stock through the date of the Settlement Hearing, including the number of shares of AMSC common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current AMSC Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Federal Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their

testimony. If a Current AMSC Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Federal Court (either by hand delivery or by first class mail) upon each of the following:

| | |
|---|---|
| Brett D. Stecker | Patrick E. Gibbs |
| THE WEISER LAW FIRM, P.C. | LATHAM & WATKINS LLP |
| 22 Cassatt Ave, First Floor | 140 Scott Drive |
| Berwyn, PA 19312 | Menlo Park, CA 94025 |
| *Counsel for Federal Plaintiffs* | *Counsel for Defendants* |

Any Current AMSC Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, or the Incentive Awards as incorporated in the Stipulation, unless otherwise ordered by the Federal Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

9. At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on counsel in the Actions and file with the Federal Court proof, by affidavit or declaration, of the filing of the Notice as a Current Report on Form 8-K with the SEC, the publication of the Notice in the *Investor's Business Daily*, and the posting of the Notice on AMSC's website.

10. All Current AMSC Shareholders shall be bound by all orders, determinations, and judgments in the Actions concerning the Settlement, whether favorable or unfavorable to Current AMSC Shareholders.

11. Pending final determination of whether the Settlement should be approved, no Current AMSC Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or AMSC, or derivatively on behalf of AMSC, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims.

12. Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of the Individual Defendants or AMSC, or the validity of Plaintiffs' Released Claims; or (b) is intended to be offered or received as evidence or used by any other Person in any other action or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Federal Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current AMSC Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Federal Court may approve the Settlement and any of its terms, with such

modifications as may be agreed to by the Parties, if appropriate, without further notice to Current AMSC Shareholders.

IT IS SO ORDERED.

DATED: February 21, 2014

_____
THE HON. WILLIAM G. YOUNG
United States District Judge