UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE AMERICAN SUPERCONDUCTOR CORPORATION DERIVATIVE LITIGATION )
) Lead Case No. 1:11-cv-10784-WGY
)

This Document Relates to:

ALL ACTIONS

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter came before the Federal Court for hearing pursuant to the Federal Court's Order Preliminarily Approving Settlement and Providing for Notice, dated Feb. 21, 2014 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the settlement set forth in the Stipulation and Agreement of Settlement dated February 4, 2014 (the "Stipulation"). Due and adequate notice having been given to Current AMSC Shareholders as required in said Preliminary Approval Order, and the Federal Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Federal Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Federal Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to

AMSC and Current AMSC Shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. The Actions, all claims contained therein, and Plaintiffs' Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment. As among Plaintiffs, AMSC, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Plaintiffs, Plaintiffs' Released Persons, and Current AMSC Shareholders are forever enjoined and permanently barred from instituting, commencing or prosecuting against Defendants and/or Defendants' Released Persons any of Plaintiffs' Released Claims and as well as any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Actions.

6. Defendants and Defendants' Released Persons are forever enjoined and permanently barred from instituting, commencing or prosecuting against Plaintiffs and/or Plaintiffs' Released Persons any of Defendants' Released Claims as well as any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Actions.

7. Upon the Effective Date, AMSC, Plaintiffs (individually and derivatively on behalf of AMSC), and Current AMSC Shareholders (solely in their capacity as AMSC shareholders) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Actions against the Released Parties.

Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, Defendants and Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Released Persons from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Actions or Plaintiffs' Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. The Federal Court finds that the Notice to Current AMSC Shareholders posted on the website of AMSC, filed by AMSC with the U.S. Securities and Exchange Commission via a Current Report on Form 8-K, and published in *Investor's Business Daily*, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1.

10. Within ten (10) business days following the entry of this Final Order and Judgment, the Massachusetts State Plaintiffs and Defendants shall jointly apply to the Massachusetts State Court for dismissal with prejudice of the Massachusetts State Action.

11. Within ten (10) business days following the entry of this Final Order and Judgment, Krasnoff and Defendants shall jointly apply to the Delaware Court for dismissal with prejudice of the Delaware Action.

12. The Federal Court finds that during the course of the Actions, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

13. The Federal Court finds that the Fee Award and Incentive Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award and Incentive Awards.

14. Neither the Stipulation (including any exhibit attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of the Individual Defendants or AMSC, or the validity of Plaintiffs' Released Claims; or (b) is intended to be offered or received as evidence or used by any other Person in any other Actions or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Order and Judgment in any way, the Federal Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

16. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: May 8, 2014

*William G. Young*
THE HON. WILLIAM G. YOUNG
United States District Judge